**1422-CC09419**

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| **KATHRYN LOVE,** ) | |
| ) | |
| Plaintiff, ) | Cause No: |
| ) | |
| v. ) | Division: |
| ) | |
| **PAUL PIATCHEK,** ) | **JURY DEMAND** |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | **Intentional Tort/Wrongful Death** |
| ) | |
| **AND** ) | |
| ) | |
| **MATHEW KARNOWSKI,** ) | |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **MARCUS BUSH,** ) | |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **ORLANDO MORRISON,** ) | |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **RICHARD WOODERSON,** ) | |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| **AND** ) | |
| ) | |
| **ROBERT SIMONS,** ) | |
| Serve at: 1200 Clark Avenue ) | |
| St. Louis, MO 63103 ) | |
| ) | |
| **AND** ) | |
| ) | |
| ) | |

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

**KELLY FISHER,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**DREW WERNINGER,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**BRIAN DAVENPORT,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**HARRY COLLINS,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**THOMAS WALSH,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**EDWARD CLARK,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**POLICE CHIEF DAN ISOM,**
Serve at: 1200 Clark Avenue
       St. Louis, MO 63103    )

**AND**    )

**THE BOARD OF POLICE**
**COMMISSIONERS, PRESIDENT**
**TODD H. EPSTEN, VICE PRESIDENT**
**BETTYE BATTLE-TURNER,**    )

2

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

| | |
|---|---|
| TREASURER VINCENT J. | ) |
| BOMMARITO, MEMBER JULIUS K. | ) |
| HUNTER, EX-OFFICIO MEMBER | ) |
| FRANCIS G. SLAY, SECRETARY TO | ) |
| THE BOARD DAVID R. HEATH, | ) |
| Individually, | ) |
| Serve at:  1200 Clark Avenue | ) |
| St. Louis, MO  63103 | ) |
| | ) |
| Defendants. | ) |

## PETITION FOR WRONGFUL DEATH

COMES NOW Kathryn Love, the biological mother of Darrell H. Williams, the deceased, to offer the following petition under Mo. Rev. Stat. 537.080 and Mo. Rev. Stat. 537.090, to wit:

## GENERAL ALLEGATIONS – APPLICABLE TO ALL COUNTS

1.  Darryl H. Williams [hereinafter referred to as "Mr. Williams"] died on November 18, 2009.

2.  Kathryn Love is the plaintiff and biological mother of Mr. Williams.

3.  Hereinafter, the Board of Police Commissioners, individually and collectively, shall be referred to as the "Board of Police".

4.  Hereinafter, "police officers" shall mean the officers and detectives named individually and collectively as defendants.

5.  Hereinafter, "Piatchek" shall mean defendant Paul Piatchek, individually, unless otherwise noted.

6.  Hereinafter, "Karnowski" shall mean defendant Mathew Karnowski, individually, unless otherwise noted.

7.  On or about November 18, 2009, defendants Piatchek and Karnowski shot and killed Mr. Williams.

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

8.   Defendants Piatchek and Karnowski shot and killed Mr. Williams in the course and scope of their employment as officers or detectives for defendant Isom and the Board of Police.

9.   At all relevant times, defendants Piatchek and Karnowski were operating under the direction, management and authority of the Board of Police, and, more specifically, Defendant Chief Dan Isom.

10.   The actions of the police officers named as defendants herein coalesced with the acts of defendants Piatchek and Karnowski to cause Mr. Williams death.

11.   Immediately prior to his death:

   a.   Mr. Williams was driving a vehicle which defendants Piatchek, Karnowski and the other named police officers believed to be stolen;

   b.   Mr. Williams was driving the vehicle; four passengers were in the vehicle; and they were on their way to a convenience store;

   c.   Defendants Piatchek, Karnowski and the other named police officers were traveling in unmarked, covert vehicles, without lights or sirens;

   d.   Defendants Piatchek, Karnowski and the other named police officers coalesced to deploy spike strips near the intersection of Hamilton and Kennerly, to recover the vehicle;

   e.   Mr. Williams drove over the spike strips and the front two tires deflated;

   f.   Mr. Williams turned south onto Wabada; the vehicle hit a utility pole; and the vehicle flipped onto its side;

   g.   Defendants Piatchek, Karnowski and the other named police officers converged on the vehicle;

   h.   Defendants Piatchek, Karnowski and the other named police officers surrounded the vehicle with their guns drawn;

   i.   Defendants Piatchek, Karnowski and the other named police officers allege they

4

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

saw a gun either in Mr. Williams' hand or near Mr. Williams' hand;

j.  Defendants Piatchek, Karnowski and the other named police officers shouted verbal commands to give Mr. Williams verbal direction as to what he should and/or should not do;

k.  Defendants Piatchek and Karnowski then shot Mr. Williams seven (7) times, which resulted in Mr. Williams' immediate death.

## COUNT I – VIOLATION OF FOURTH AMENDMENT – DEADLY FORCE

12.  Plaintiff restates and reiterates the General Allegations and paragraphs 1 through 11 as if fully set forth herein.

13.  Defendants' Piatchek, Karnowski and the other police officers named herein, deployed spike strips to deflate the tires on the vehicle driven by Mr. Williams.

14.  Defendants' Piatchek, Karnowski and the other police officers named herein, sought to recover the vehicle because it was believed to be stolen.

15.  Mr. Williams continued to drive and flee the scene with deflated tires.

16.  Defendants' Piatchek, Karnowski and the other police officers named herein, were driving unmarked, covert vehicles, without sirens.

17.  Defendants' Piatchek, Karnowski and the other police officers named herein, chased Mr. Williams and escalated a deadly confrontation.

18.  Defendants' Piatchek, Karnowski and the other police officers named herein, had no reasons to pursue and kill Mr. Williams because he was not believed to be a dangerous felon.

19.  Defendants' Piatchek, Karnowski and the other police officers named herein, had non-lethal means to apprehend Mr. Williams, but failed to use them.

20.  Defendants' Piatchek, Karnowski and the other police officers named herein, should have disengaged because Mr. Williams had not posed a threat of death or serious bodily harm to themselves or others.

21.  Car theft is a serious crime, but not so serious as to justify the use of deadly force.

22.  Moreover, defendants Piatchek, Karnowski and the other police officers named herein,

5

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

did not know whether Mr. Williams stole the vehicle or whether Mr. Williams even knew the vehicle was stolen.

23.  As a matter of constitutional law, Mr. Williams was innocent until proven guilty.

24.  Even if Mr. Williams had been convicted of car theft or any other crime related to this vehicle, he would not have been sentenced to death.

25.  Defendants Piatchek, Karnowski and the other police officers named herein, by and through defendants Isom and the Board of Police, seized Mr. Williams' life and violated his rights under the Fourth Amendment of the Constitution of the United States of America.

26.  As a direct result of this intentional tort, by defendants Piatchek and Karnowski, as described herein, Mr. Williams lost his life and Plaintiff lost her son, his love, society, companionship, consortium, emotional and economic support.

WHEREFORE, Plaintiff Kathryn Love prays for judgment against the defendants in an amount that is fair and reasonable, in excess of $25,000; and an award of punitive damages in such sum as to serve as punishment and deter defendants and others from like conduct.

## COUNT II – INTENTIONAL TORT – PIATCHEK AND KARNOWSKI

27.  Plaintiff restates and reiterates the General Allegations and paragraphs one through twenty-six as if fully set forth herein.

28.  Defendants Piatchek and Karnowski intentionally shot and killed Mr. Williams.

29.  As a direct result of this intentional tort, by defendants Piatchek and Karnowski, as described herein, Mr. Williams lost his life and Plaintiff lost her son, his love, society, companionship, consortium, emotional and economic support.

WHEREFORE, Plaintiff Kathryn Love prays for judgment against the defendants in an amount that is fair and reasonable, in excess of $25,000.00; and an award of punitive damages in such sum as to serve as punishment and deter defendants and others from like conduct.

## COUNT III – EXCESSIVE FORCE – PIATCHEK AND KARNOWSKI

30.  Plaintiff restates and reiterates the General Allegations and paragraphs one through twenty-nine as if fully set forth herein

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

31. Defendants Piatchek and Karnowski abused their discretion in taking the life of Mr. Williams.

32. Deadly force was unreasonable and unnecessary for the following reasons:

  a. Defendants Piatchek and Karnowski were not in danger of death or bodily harm;

  b. The police officers were not in danger of death or bodily harm;

  c. There were no innocent bystanders in danger of death or bodily harm;

  d. The police officers were capable of arresting Mr. Williams without the use of deadly force;

  e. There was no danger that Mr. Williams would escape because Mr. Williams was trapped inside of a vehicle which was heavily damaged and resting on its side;

  f. Mr. Williams was not a prison escapee;

  g. Mr. Williams was not suspected of fleeing a crime wherein he inflicted or threatened infliction of death or serious physical harm to another person;

  h. Mr. Williams could have been apprehended with a non-lethal electrical field discharge weapon (TASER), but defendants Piatchek and Karnowski failed to do so.

  i. The police officers could have recovered the vehicle without deadly confrontation;

  j. The vehicle was not a threat to the public;

  k. The vehicle was not a threat to the police officers;

  l. Mr. Williams was not a threat to the police officers;

  m. The other occupants of the vehicle were not a threat to anybody;

  n. Mr. Williams was not wanted for a violent crime or serious felony;

  o. Mr. Williams' passengers were not wanted for a violent crime or serious felony.

33. As a direct result of this intentional tort, by defendants Piatchek and Karnowski, as described herein, Mr. Williams lost his life and Plaintiff lost her son, his love, society, companionship, consortium, emotional and economic support

WHEREFORE, Plaintiff Kathryn Love prays for judgment against the defendants in an

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

amount that is fair and reasonable, in excess of $25,000.00; and an award of punitive damages in such sum as to serve as punishment and deter defendants and others from like conduct.

## COUNT IV – NEGLIGENCE – DANGEROUS COMMANDS

34.  Plaintiff restates and reiterates the General Allegations and paragraphs one through thirty-three as if fully set forth herein.

35.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, allege that Mr. Williams had a gun with him inside the car.

36.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, gave Mr. Williams verbal directions and commands as to what he should and should not do.

37.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, had a duty to give Mr. Williams clear and consistent verbal directions and commands.

38.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, failed to give Mr. Williams clear and consistent verbal directions and commands.

39.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, individually, collectively and simultaneously warned Mr. Williams:

    a.  "Don't move";

    b.  "Get out of the vehicle";

    c.  "Let me see your hands" and/or "raise your hands";

    d.  "Don't touch that gun";

    e.  "Drop the gun"; and

    f.  "Throw the gun out the car" and/or "throw the gun out of the window".

40.  Defendants Piatchek, Karnowski and the other police officers named as defendants herein, gave Mr. Williams instructions which were so confusing and inconsistent that he could not have followed them, to wit:

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

a. If Mr. Williams tried to get out of the vehicle, one or more of the defendants may have perceived that he was resisting their command not to move.;

b. If Mr. Williams didn't move, one or more of the defendants may have perceived that he was resisting their command to get out of the vehicle.

c. If Mr. Williams raised his hands or moved his hands, one or more of the defendants may have perceived that he was resisting their command not to touch the gun;

d. If Mr. Williams tried to throw the gun out of the car, one or more of the defendants may have perceived that he was resisting their command not to touch the gun and/or drop the gun.

41. Defendants Piatchek, Karnowski and the other police officers named as defendants herein, were careless and negligent in that they gave Mr. Williams verbal directions and commands which coalesced with defendants' other acts and omissions to cause Mr. Williams death.

42. As a direct result of this intentional tort, by defendants Piatchek and Karnowski, as described herein, Mr. Williams lost his life and Plaintiff lost her son, his love, society, companionship, consortium, emotional and economic support

WHEREFORE, Plaintiff Kathryn Love prays for judgment against the defendants in an amount that is fair and reasonable, in excess of $25,000; and any other relief the Court deems to be just and appropriate.

## COUNT V – FAILURE TO TRAIN, IMPLEMENT AND SUPERVISE

43. Plaintiff restates and reiterates the General Allegations and paragraphs one through forty-two as if fully set forth herein.

44. Defendants Isom and the Board of Police failed to provide Piatchek, Karnowski and the other police officers name as defendants herein, with appropriate training to maintain social control without deadly confrontation; to articulate clear and consistent verbal commands and directions; or educate them as to the use of appropriate weaponless control techniques.

9

Electronically Filed - City of St. Louis - August 13, 2014 - 02:35 PM

45.  As a direct and proximate result of the failures and omissions of defendant Isom and the Board of Police, Piatchek and Karnowski and the other police officers named as defendants herein, caused confusion, created chaos, incited panic and escalated the recovery of an allegedly stolen vehicle to a deadly confrontation.

46.  The failures and omissions of defendants Isom and the Board of Police coalesced with the actions of defendants Piatchek, Karnowski and the other police officers named as defendants herein, to cause Mr. Williams' death.

47.  As a direct result, Mr. Williams lost his life and Plaintiff lost her son, his love, society, companionship, consortium, emotional and economic support.

WHEREFORE, Plaintiff Kathryn Love prays for judgment against the defendants in an amount that is fair and reasonable, in excess of $25,000.00; and any other relief the Court deems to be just and appropriate.

MCCHESNEY & ORTWERTH, L.L.C.

_/s/ Brian S. McChesney_
**Brian S. McChesney #40545**
_bmcchesney@gatewayinjurylaw.com_
**Craig M. Ortwerth #47880**
_cortwerth@gatewayinjurylaw.com_
**1922 Chouteau Avenue**
**St. Louis, Missouri 63102**
**(314) 584-4500**
**(314) 584-4500 facsimile**
*Attorney for Plaintiff*